# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JENNIFER HOYT,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-11-CV-0504 FB (NN)** |
| **USAA FEDERAL SAVINGS BANK,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>REPORT AND RECOMMENDATION</u>

**TO:    Honorable Fred Biery**
**Chief United States District Judge**

This report and recommendation recommends granting the pending motion for summary judgment.

**Nature of the case**.  Plaintiff Jennifer Hoyt brought this lawsuit against USAA Federal Savings Bank (USAA) and alleged violations of the Fair Credit Reporting Act (FCRA).  Hoyt complained that USAA falsely and libelously marred her credit report with false, negative entries.  Hoyt filed her case in small claims court, but USAA removed the case to this court.[1]  Since that time, the discovery deadline passed[2] and

---

[1]Docket entry # 1.

[2]Docket entry # 4 (setting discovery deadline as Jan. 1, 2012).

USAA moved for summary judgment.[3]  I advised Hoyt about the necessity of
responding to USAA's motion,[4] but she did not respond.  Summary judgment is
appropriate "if the movant shows that there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law."[5]

**USAA's grounds for summary judgment**.  USAA maintains it is entitled to
summary judgment because: (1) Hoyt cannot show that USAA made inaccurate reports
to the credit bureaus, (2) only government agencies can bring claims for inaccurate
reporting, and (3) Hoyt cannot satisfy the statutory preconditions for a failure-to-correct
claim.

Accuracy of credit reporting.  Hoyt alleged that USAA violated the FCRA by
providing inaccurate payment information to credit reporting agencies Transunion,
Equifax/CSC and Experian; specifically, Hoyt claimed USAA falsely reported that she
made late payments.  The FCRA prohibits a person from "furnish[ing] any information
relating to a consumer to any consumer reporting agency if the person knows or has
reasonable cause to believe that the information is inaccurate."[6]  Proving that the

---

[3]Docket entry # 8.

[4]Docket entry # 9.

[5]Fed. R. Civ. P. 56(a).

[6]15 U.S.C.A. § 1681s-2(a)(1)(A).

defendant provided inaccurate information to a consumer reporting agency necessarily requires the plaintiff to prove that the reported information is inaccurate.  USAA argued that it is entitled to summary judgment because Hoyt cannot show that USAA made inaccurate reports to the credit bureaus.  Hoyt provided no summary-judgment evidence showing that USAA reported inaccurate information.  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact…the court may…consider the fact undisputed for purposes of the motion."[7]  That is, the court may accept as true USAA's assertion that no evidence shows USAA reported inaccurate information where as here Hoyt failed to provide evidence supporting her claim.  As a result, USAA is entitled to summary judgment on Hoyt's inaccurate-reporting claim because no evidence shows USAA reported inaccurate information.  There is, however, a second reason USAA is entitled to summary judgment on the claim.

　　　Private cause of action.  Although the FCRA prohibits furnishers of information from knowingly providing inaccurate information to consumer reporting agencies, there is no private cause of action for furnishing inaccurate information.[8]  Only state and

---

[7]Fed. R. Civ. P. 56(e)(2).

[8]*Smith v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 WL 3338537, at *14 (W.D. Tex. Aug. 23, 2010); *Davis v. Sallie Mae*, No. 3:09-CV-00821-B, 2009 WL 2525303, at *2 (N.D. Tex. Aug. 18, 2009) (stating that there is no private right of action against a "furnisher of information" for furnishing false information).

3

federal government agencies have enforcement authority.[9]  Hoyt is not a state or federal agency.  As a result, USAA is also entitled to summary judgment on the inaccurate-reporting claim because there is no private cause of action.

Statutory preconditions.  Hoyt also complained that USAA failed to correct the information provided to credit reporting agencies.  The FCRA imposes a duty upon furnishers of credit information to provide credit information "necessary to make the information provided by the person to the agency complete and accurate."[10]  To prevail on a claim that a defendant failed to correct credit information, the plaintiff must show that: (1) she notified a consumer reporting agency of inaccurate information; (2) the consumer reporting agency notified the defendant of the dispute; and (3) the defendant failed to investigate the claim, correct any inaccuracies, and failed to notify the consumer reporting agency about the results of the investigation.[11]  USAA argued that it is entitled to summary judgment because no evidence exists that Hoyt contacted the consumer reporting agencies and registered complaints.  Hoyt presented no summary-judgment evidence that she contacted the consumer reporting agencies and registered complaints.  Because Hoyt failed to address USAA's factual assertions about her failure

---

[9]*Id*.

[10]15 U.S.C. § 1681s-2(b).

[11]*Smith v. Nat'l City Mortg*., No. A-09-CV-881 LY, 2010 WL 3338537, 15 (W.D. Tex. Aug. 23, 2010).

to contact the consumer reporting agencies and to register complaints, the court may consider those assertions as undisputed for purposes of USAA motion.[12]  The summary-judgment record contains no evidence that Hoyt contacted the consumer reporting agencies and registered complaints.  As a result, USAA is entitled to summary judgment on Hoyt's failure-to-correct-credit-information claim.

**Recommendation**.  I recommend granting USAA's motion (docket entry # 8) because Hoyt presented no summary-judgment evidence raising a fact question about her claims.  If the court accepts this recommendation, final summary-judgment may be entered in USAA's favor.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[13]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A

---

[12]Fed. R. Civ. P. 56(e)(2).

[13]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

5

party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[14]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[15]

> **SIGNED** on March 7, 2012.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[14]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[15]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

6